**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLANCA SOTO, | No. 21-70295 |
| Petitioner, | Agency No. A098-447-969 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2026[**]
Pasadena, California

Before: WARDLAW, OWENS, and DE ALBA, Circuit Judges.

Blanca Soto, a native and citizen of Mexico, petitions for review of a

decision of the Board of Immigration Appeals ("BIA") dismissing her appeal of an

Immigration Judge's ("IJ") order denying Soto's applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.[1]

We review an adverse credibility determination for substantial evidence. *See Kalulu v. Bondi*, 128 F.4th 1009, 1015 (9th Cir. 2024). "We look to the IJ's decision as a guide to what lay behind the BIA's conclusion when the BIA reviewed the IJ's credibility-based decision for clear error and relied upon the IJ's opinion as a statement of reasons but did not merely provide a boilerplate opinion." *Id.* at 1013 (internal quotation marks and citation omitted). "[U]tterly trivial inconsistenc[ies] . . . will not by [themselves] form a sufficient basis for an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). An adverse credibility determination will be upheld where the "totality of the record" supports the IJ's determination even if some of the reasons offered by the IJ for reaching the determination are not supported by substantial evidence. *Kalulu*, 128 F.4th at 1015. We review the denial of a continuance for abuse of discretion. *See Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1051 (9th Cir. 2023).

---

[1] In her Opening Brief, Soto did not challenge the BIA's determination that she failed to appeal, and thus waived any challenge to, the IJ's determination that her application was untimely. Accordingly, any challenge to the IJ's determination that her asylum application was untimely is both unexhausted and waived. *See* 8 U.S.C. § 1252(d)(1); *Diaz v. Bondi*, 129 F.4th 546, 557 n.4 (9th Cir. 2025) (arguments not raised in the petitioner's opening brief are waived.).

1.     Substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination.  *Kalulu*, 128 F.4th at 1013.  The BIA identified multiple material inconsistencies and omissions between Soto's declaration and her testimony at the merits hearing, including issues material to the heart of her claim.  *See Shrestha*, 590 F.3d at 1047 ("[W]hen an inconsistency is at the heart of the claim it is doubtless of great weight.").  For example, Soto testified that her brother had been kidnapped but failed to mention that fact in her declaration because she "did not think that it'd be convenient."  Substantial evidence supports the BIA's conclusion that this, and other inconsistencies and omissions, undermined Soto's credibility.

2.     Substantial evidence supports the BIA's holding that Soto failed to meet her burden of proof to establish eligibility for withholding of removal.  Without credible testimony, there is insufficient evidence in the record to establish that Soto's "life or freedom would be threatened in her home country because of her race, religion, nationality, membership in a particular social group, or political opinion."  *Diaz*, 129 F.4th at 557 (quoting 8 U.S.C. § 1231(b)(3)(A) (citation modified)).

3.     Substantial evidence supports the BIA's holding that Soto failed to meet her burden to establish eligibility for protection under CAT.  There is insufficient evidence in the record to establish that Soto is more likely than not to

be tortured with the consent or acquiescence of the Mexican government. *See* 8 C.F.R. § 1208.16(c)(2).

4.      The IJ did not abuse his discretion by denying the request for a continuance. We consider the following factors in evaluating whether the IJ abused his discretion: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). The record reflects that Soto had been granted multiple continuances in the years preceding her merits hearing to apply for a U-Visa, that the police department denied Soto's request for a U-Visa certification, that it would take many years to process Soto's U-Visa application, and that it was unclear whether the U-Visa application would ultimately be granted. On this record, the IJ's denial of a continuance does not rise to the level of an abuse of discretion. As the BIA noted, Soto remains free to pursue her U-Visa application outside of removal proceedings.

**PETITION DENIED.**[2]

---

[2] Soto's Motion to Stay Removal, Dkt. No. 1, is **DENIED.** The temporary stay will dissolve when the mandate issues.